**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose MONDRAGON–MALDONADO,**
**Defendant–Appellant.**

No. 05–40332.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Jose Mondragon–Maldonado appeals his conviction and sentence for unlawful presence in the United States after deportation following an aggravated felony conviction. We will not enforce the appeal waiver in this case because the Government does not seek to enforce it. *See United States v. Story*, 439 F.3d 226, 229–31 (5th Cir.2006).

Mondragon–Maldonado argues for the first time on appeal that the district court abused its discretion when it imposed a condition of supervised release that requires him to cooperate in the collection of his DNA. This claim is not ripe for review. *See United States v. Riascos–Cuenu*, 428 F.3d 1100, 1100–01 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

Mondragon–Maldonado argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mondragon–Maldonado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Mondragon–Maldonado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Mondragon–Maldonado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.